UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA

**MEMORANDUM & ORDER**
05-CR-492 (S-3) (NGG)

-against-

GERARD PRICE,

                            Defendant.
-----------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

This Memorandum and Order addresses the Government's motion to empanel an anonymous and partially-sequestered jury for the upcoming death penalty trial in this case. The Government requests (a) that the names, addresses, and workplaces of the venire and petit jurors not be revealed; and (b) that the jurors take lunch together each day so that they do not mingle in the courthouse with the public and any potential trial spectators. It is the Government's position that Defendant Gerald Price ("Price") and his enterprise's history of violent activity, his demonstrated willingness and ability to interfere improperly with the judicial process, and the publicity this trial will likely attract all warrant the utilization of an anonymous and semi-sequestered jury.

Because I find that empaneling an anonymous and partially sequestered jury is necessary to protect the interests of the public and the jurors, and that doing so will not prejudice Price's interests in conducting a meaningful voir dire or in maintaining a presumption of innocence, the Government's motion is GRANTED.

I.  **Applicable Law**

The Second Circuit has upheld the use of an anonymous jury where "first, [there is] strong reason to believe that the jury needs protection and, second, reasonable precaution is taken to minimize the effect that such a decision might have on the jurors' opinions of the defendants." United States v. Amuso, 21 F.3d 1251, 1264 (2d Cir. 1994) (internal citations omitted).  The Court of Appeals emphasizes that "the empaneling of an anonymous jury and its potential impact on the constitutionality of a trial must receive close judicial scrutiny and be evaluated in the light of reason, principle and common sense."  United States v. Vario, 943 F.2d 236, 239 (2d Cir. 1991).  Mere invocation of words such as "organized crime" will not warrant an anonymous jury.  Rather "something more" must be shown, such as a "demonstrable history or likelihood of obstruction of justice on the part of the defendant or others acting on his behalf or a showing that trial evidence will depict a pattern of violence by the defendants and his associates such as would cause a juror to reasonably fear for his own safety."  Id. at 241.

This court must weigh several factors in determining whether to empanel an anonymous jury, including the following: (1) the dangerousness of the defendant, demonstrated by the seriousness of the charged crimes, including whether the defendant is charged with participating in a large-scale criminal enterprise, and the defendant's criminal history, see e.g., United States v. Paccione, 949 F.2d 1183, 1192 (2d Cir. 1991); United States v. Tutino, 883 F.2d 1125, 1132-33 (2d Cir. 1989); United States v. Thomas, 757 F.2d 1359, 1364-65 (2d Cir. 1985); United States v. Melendez, 743 F.Supp. 134, 137 (E.D.N.Y. 1990); (2) whether the defendant or his associates have engaged in past attempts to interfere with the judicial process, for example through jury tampering or witness intimidation, see e.g., Paccione, 949 F.2d at 1192; United States v. Thai, 29 F.3d 785, 801 (2d Cir. 1994); Tutino, 883 F.2d at 1132-33; Melendez, 743

F.Supp. at 137; (3) whether the defendant has access to means to harm the jury, see, e.g. id.; United States v. Coonan, 664 F.Supp. 861, 862 (S.D.N.Y. 1987); and (4) whether the trial is likely to attract media attention, as may be illustrated by the nature and degree of pretrial publicity, see e.g., Paccione, 949 F.2d at 1192; Vario, 943 F.2d at 240; United States v. Persico, 832 F.2d 705, 717 (2d Cir. 1987); Melendez, 743 F.Supp. at 137.

I will address these factors in turn below.

## II. Discussion

### A. Dangerousness of the Defendant

In this case, Price is charged with extraordinarily serious and violent crimes, including multiple acts of murder and attempted murder. (Superseding Indictment ¶¶ 1-30.) In addition, Price is allegedly the leader of a criminal organization, whose members and associates engaged in criminal activity, including murder, attempted murder, conspiracy to murder, assault, and narcotics trafficking. (Id. ¶ 1.) I am personally familiar with the activities of this organization, as in 2005 I presided over the six-week trial of Price's brother, Robert Price, after which Robert Price was convicted of conspiracy to distribute and possess with intent to distribute cocaine base and heroin, possession with intent to distribute heroin, and possession of a firearm in furtherance of a narcotics trafficking offense. (03-CR-297, Docket Entry # 334.) The testimony in that trial implicated Price in acts of violence and narcotics trafficking, and established that Price is a member of an extensive violent criminal organization. (See, e.g. 03-CR-297, Trial Tr. at 304-13 (implicating Price in a knife attack), 700-02 (implicating Price in a shooting).) In addition, I presided over numerous pleas of other members of this organization. (03-CR-297, Docket Entries # 203, 230, 322.) In short, the violent crimes Price is charged with, the past testimony relating to his criminal activity and his participation in a large-scale criminal enterprise without

question show that he is dangerous and weigh heavily in favor of using an anonymous, partially-sequestered jury in order to protect the safety of the jurors and the integrity of the trial.

B. **Past Attempts to Interfere with the Judicial Process**

An affidavit submitted by the Government, past trial testimony, and a letter written by Price all attest to Price's and his associates' history of interference with the judicial process. The affidavit indicates that during the trial of Price's associates in 03-CR-297, several defendants harassed witnesses in an attempt to prevent their cooperation and demanded various legal documents as proof that they were not cooperating. One defendant even obtained a copy of a confidential Pre-Sentence Report regarding a suspected cooperator. (Affidavit of Joseph Fazzingo, filed under seal ("Fazzingo Aff."), ¶ 5.)

This affidavit also indicates that Price has made efforts to circumvent prison officials' efforts to separate him from his criminal associates, including sending them secret letters and possessing a cell phone in violation of prison rules. (Fazzingo Aff. ¶ 6.) The Government has also provided the court with a copy of a letter sent by Price to cooperating witness Wayne Evans. The letter said that Price would understand if Evans cooperated, but that Evans should "give some not all" and that Evans knew nothing about the "peter roll," which the Government claims is a term used by members of the Bloods gang to refer to murder.

During the trial of Price's associates in 03-CR-297, the testimony of a cooperating witness revealed that Price's brother threatened him while on a prison van, telling him that "you know, you know, you got to stop testifying. You love your mother, your niece and your nephew." (03-CR-297, Trial Tr. at 260.)

All of this evidence amply demonstrates that Price and his associates have engaged in past attempts to interfere in the judicial process, which make it reasonably likely that the jurors in this case might be subjected to threats of violence if appropriate safeguards are not taken.[1]

### C. The Defendant Has Access to Means to Harm the Jury

Price has continuing access to means to harm the jury as he is a member of a criminal organization with numerous members who are currently outside prison. (Fazzingo Aff. ¶ 7.) Moreover, as described above, Price has made attempts to circumvent prison officials' efforts to prevent him from communicating with the outside world, including by possessing an illicit cell phone.

### D. Publicity

Although the likelihood of publicity is not as decisive as the first three factors, it lends some support to the Government's motion for an anonymous jury, as the Government has provided the court with copies of various articles about Price and his associates, and about death penalty trials in this district. (See Government Mem. Exh. C.)

### E. Conclusion

Based on my consideration of these factors, I find that maintaining anonymity of the members of the jury and sequestering the jury during recesses is the only appropriate way to adequately protect them. However, before granting the Government's motion, I consider two challenges Price makes to the use of an anonymous jury in his case. First, Price argues that the use of an anonymous jury would be unconstitutional as to him, because of the capital nature of

---

[1] Price argues that it is insufficient that he and his associates are alleged to have used or threatened violence against witnesses. Instead, Price argues that the Government must prove that he "tried to harm, threaten, or influence a juror." (Def. Br. At 10.) Second Circuit precedent, however, clearly establishes that evidence of violence against crime victims and against potential witnesses is sufficient to warrant the impaneling of an anonymous jury. Thai, 29 F.3d at 801.

his prosecution. Second, Price argues that a federal statute, Section 3432 of Title 18, requires that a hearing be held before the judge can grant the Government's request.

The Second Circuit has explicitly upheld the constitutionality of the use of an anonymous jury when "there is strong reason to believe that the jury needs protection" and "reasonable precaution [is] taken to minimize the effect that such a decision might have on the jurors' opinions of the defendants." United States v. Thomas, 757 F.2d 1359, 1365 (2d Cir. 1985). Price argues that an anonymous jury may not be constitutional in a capital case, because the rights of a defendant must be more "scrupulously honored" when his "life hangs in the balance." (Def. Br. at 6.) The reasoning of Thomas does not in any way support the conclusion that the use of an anonymous jury is unconstitutional in a capital case. The members of the jury must be protected regardless of whether the defendant is facing the death penalty. Moreover, any heightened interest a capital defendant may have in his constitutional rights is matched by the heightened interest of the Government in obtaining a fair hearing of its very serious charges. The court therefore holds that the constitutionality of the use of an anonymous jury does not depend upon whether or not the Government is seeking the death penalty. See United States v. Quinones, 511 F.3d 289, 295 (2d Cir. 2007) (approving court's granting of anonymous jury motion in capital case).

Section 3432 of Title 18 (emphasis added) provides that:

A person charged with treason or other capital offense shall at least three entire days before commencement of trial be furnished with a copy of the indictment and a list of the veniremen, and of the witnesses to be produced on the trial for proving the indictment, stating the place of abode of each venireman and witness, *except that such list of the veniremen and witnesses need not be furnished if the court finds by a preponderance of the evidence that providing the list may jeopardize the life or safety of any person.*

Price argues that a hearing is required before the court may find, by a preponderance of the evidence, that the life of a juror or a third person might be at risk if the jury were not anonymous. (Def. Br. at 8.)

The court has not found any case in which a court held that a hearing was required before making the finding required by Section 3432. Although the district judge in United States v. Honkon, 378 F. Supp. 2d 880 (N. D. Iowa 2004) held such a hearing, without stating that one was required, it appears that no live testimony was presented at the hearing; instead, affidavits and transcripts of prior proceedings were introduced into evidence. The district judge in United States v. Henderson, 461 F. Supp. 2d 140, 141 (S.D.N.Y. 2006) held no hearing, relying instead on the indictment and submissions and oral proffers made by the Government in making the Section 3432 finding. See also United States v. Nguyen, 928 F. Supp. 1525, 1551 n.29 (D. Kan. 1996) (conducting in camera inspection of Government's evidence); United States v. Walker, 910 F. Supp. 837, 861 (N.D.N.Y. 1995) (conducting in camera inspection of Government affidavits).

I find that no useful purpose would be served by holding a hearing, as the materials submitted by the Government – the indictment, the affidavit, the copy of Price's letter, and the transcript from the trial of Price's associates in 03-CR-297 – amply support the court's conclusion, by a preponderance of the evidence, that providing the identities and addresses of the members of the venire "may jeopardize the life or safety" of the jurors.

In sum, because anonymous juries may constitutionally be used in capital cases, and because no hearing is required under Section 3432, Price's challenges to the use of an anonymous jury in this trial are denied.

### III. Reasonable Precautions

Despite the clear indications that an anonymous jury is warranted in this case, I take very seriously Price's constitutional rights to a fair trial and an impartial jury. As Judge Glasser described in United States v. Bellomo, 263 F.Supp.2d 557, 559 (E.D.N.Y. 2003), it is important "that a balance be struck between the government's interest in the integrity of the judicial process and the defendant's interest in preserving and safeguarding the presumption of innocence." To implement a fair balance, reasonable precautions must be taken to minimize any potential prejudice, particularly with respect to Price's right to a meaningful voir dire and Price's right to maintain a presumption of innocence. See Amuso, 21 F.3d at 1264.

I shall now explain the steps the court will take to protect Price's right to a meaningful voir dire. The court will provide to each potential juror an extensive questionnaire, developed in consultation with Government and defense attorneys. All specific identifying pedigree information will be removed from the questionnaire and placed in safekeeping with the Clerk of Court. Neither the parties nor their counsel will have access to this protected information. Each prospective juror will be questioned in person by the court, in an individually-sequestered setting, after consultation with counsel, to uncover any potential bias. Through the questionnaire and the individual questioning, the parties will be apprised of all relevant information concerning each potential juror, despite the fact that the name, address, and place of employment of jurors will not be disclosed. This process will ensure that Price has a meaningful opportunity to conduct voir dire and make informed choices during jury selection. See United States v. Barnes, 604 F.2d 121, 140 (2d Cir. 1979) ("As long as a defendant's substantial rights are protected by a voir dire designed to uncover bias as to issues in the cases and as to the defendant himself, then reasonable limitations on the questioning should not be disturbed on appeal.")

In order to protect Price from being tried by a jury that is prejudiced as to his guilt or violent nature, prospective jurors will be given a neutral explanation for the security measures. I will instruct the prospective jurors that the reason for their anonymity and partial sequestration is to maintain their personal privacy and their ability to render a fair verdict in light of the media and public attention that this trial is likely to receive. I find that this explanation is plausible, appropriate, and nonprejudicial. See <u>United States v. Aulicino</u>, 44 F.3d 1102, 1116 (2d Cir. 1995).

**IV.     Conclusion**

This court finds that an anonymous and partially-sequestered jury is warranted and necessary in this case to protect the jurors and the integrity of the judicial process. Measures will be put in place to protect Price's rights to an impartial jury and fair trial, and thus use of the anonymous, semi-sequestered jury will not unfairly prejudice Price. Therefore, for all of the reasons stated herein, I GRANT the Government's motion to empanel an anonymous and partially-sequestered jury.

SO ORDERED.

/s Nicholas G. Garaufis
Dated: Brooklyn, New York        NICHOLAS G. GARAUFIS
October 21, 2008                 United States District Judge