UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA

**ORDER**

05-CR-492 (NGG)

-against-

GERARD PRICE,

Defendant.
----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Pursuant to this court's Memorandum and Order dated April 10, 2009, the Government has submitted supplemental briefing in support of its motion in limine to admit evidence of Defendant's prior conviction for a firearms violation. (See Docket Entry #117, Memorandum and Order 7; Docket Entry #119, Government's Supplemental Brief ("Gov't Supp. Br.").) The Government now clarifies that the prior conviction it seeks to introduce is for the crime of unlicensed dealing in firearms, in violation of 18 U.S.C. § 922(a)(1)(A). (Gov't Supp. Br. 1.) Defendant pled guilty to this crime as a result of his negotiation and sale of a firearm to a confidential informant in January 2002. (Id. at 2.) The Government now asserts that the conviction constitutes evidence of a crime charged in the pending indictment, using and carrying firearms in connection with drug trafficking offenses between June 2000 and June 2002, in violation of 18 U.S.C. § 924(c). (Id.)

The court finds that Defendant's prior conviction is relevant for this purpose and that evidence of the plea will not be unduly prejudicial to the Defendant. Following the requisite analysis under Garrett v. United States, 471 U.S. 773 (1985), the court further concludes the use of Defendant's Section 922(a)(1)(A) conviction as evidence of the charged crime under Section 924(c) is consistent with Congressional intent, and that the prohibition against double jeopardy

1

would not be violated by this use. See United States v. Persico, 774 F.2d 30, 32 (2d Cir. 1985) ("the pertinent inquiry . . . is whether Congress intended a subsequent prosecution after a prior conviction and, if so, whether, under the particular circumstances, a double jeopardy violation occurs."). At least one court in this district has directly compared the two crimes at issue here and concluded that simultaneous conviction for violations of Sections 922(a)(1)(A) and 924(c) does not violate double jeopardy because each crime requires proof of an element that the other does not. Foy v. United States, 838 F. Supp. 38, 42 (E.D.N.Y. 1993) (applying the double jeopardy test set forth in Blockburger v. United States, 284 U.S. 299, 304 (1932)). Further, in United States v. Lawrence, 928 F.2d 36 (2d Cir. 1991), the Second Circuit recognized "Congress's intent to require the prison term imposed under § 924(c) to be in addition to any other term of imprisonment." Id. at 38-39. The Lawrence court therefore affirmed the application of cumulative punishment to simultaneous violations of Section 924(c) and another offense under Section 922(g)(1) (possessing a firearm after sustaining a felony conviction). Id.

Adopting the analyses set forth in Foy and Lawrence, the court finds that the introduction of Defendant's prior firearms conviction does not violate double jeopardy. For the foregoing reasons, the evidence is deemed admissible in support of Count Six of the present indictment, alleging a violation of 18 U.S.C. § 924(c).

SO ORDERED.

Dated: Brooklyn, New York
April 14, 2009

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge