D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA

**ORDER**

-against-

05-CR-492-1 (NGG)

GERARD PRICE,

Defendant.
----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On June 21, 2010, the court sentenced Defendant Gerard Price to life imprisonment following his conviction, after trial by jury, of racketeering, racketeering conspiracy, murder in aid of racketeering, drug-related homicide, conspiracy to maintain a narcotics stash house, illegal use of firearms, and witness tampering. (J. (Dkt. 195); see also Statement of Reasons (Dkt. 196) (filed under seal).)

On May 12, 2015, Defendant filed a pro se motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), relying on recent amendments to the U.S. Sentencing Guidelines. (Mot. to Reduce Sentence (Dkt. 212).) Defendant also requested that the court appoint an attorney to assist him in seeking a reduction in sentence. (Id.) Upon the court's direction, on July 15, 2015, the Government responded to Defendant's motion for a reduction in sentence. (See Gov't's Resp. in Opp'n to Mot. to Reduce Sentence (Dkt. 215).) In its opposition, the Government argued that Defendant is not eligible for a reduction in sentence. (Id. at 3.)

Section 3582(c)(2) provides that a term of imprisonment may be modified "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The

1

Supreme Court has established a two-step inquiry to guide a district court in its consideration of a § 3582(c)(2) motion. See Dillon v. United States, 560 U.S. 817, 826 (2010); United States v. Christie, 736 F.3d 191, 194-95 (2d Cir. 2013). "First, the district court must determine whether the defendant in question is 'eligible for a reduction in sentence.'" Christie, 736 F.3d at 194 (emphasis in original) (quoting United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010)). Second, if a defendant is eligible for resentencing, the court must then consider any applicable § 3553(a) factors to determine whether the authorized reduction is warranted in whole or in part under the particular circumstances of the defendant's case. Dillon, 560 U.S. at 827.

Pursuant to Amendment 782 to the Guidelines, effective November 1, 2014, the Sentencing Commission modified the base offense levels in the Drug Quantity Table at section 2D1.1 of the Guidelines, and thereby lowered the sentencing range for certain drug-related offenses. See U.S.S.G. App. C (Supp.) at 64, 71, 74 (2014). Amendment 788 to the Guidelines provides that Amendment 782 applies retroactively to defendants sentenced before its effective date. See id. at 86-88 (amending U.S.S.G. § 1B1.10(d) (listing sentencing amendments eligible for retroactive application)).

If a defendant is eligible for a reduction in sentence, the court proceeds to the second step of the Dillon analysis to determine whether a reduction in sentence is warranted in light of the factors enumerated in 18 U.S.C. § 3553(a). See Dillon, 560 U.S. at 827. Under § 3553(a), the court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need for the sentence imposed to "protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a). Where a reduction is authorized, the Guidelines provide that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the

amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). But see id. § 1B1.10(b)(2)(B) (setting forth exception for a defendant originally sentenced pursuant to a government motion reflecting the defendant's substantial assistance to authorities).

Here, Defendant is not eligible for a reduction in sentence, and therefore fails at the first step of the Dillon analysis. During his original sentencing, the court determined that Defendant's overall base offense level was 50, his criminal history category was IV, and his advisory guidelines range was life in prison. (Statement of Reasons at 1.) More significantly, because of his conviction for murder in aid of racketeering, Defendant was also subject to a statutory minimum sentence of life in prison. See 18 U.S.C. § 1959(a). Amendment 782 does not reduce statutory penalties, including mandatory minimums. See U.S.S.G. § 1B1.10 cmt. n.1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).").

Because Defendant is not eligible for a sentence reduction pursuant to Amendments 782 and 788 to the Sentencing Guidelines, the court need not proceed to the second step of the Dillon analysis. See 560 U.S. at 827. Finally, because it is clear that Defendant is not eligible for a reduction in sentence, the court concludes that the appointment of counsel to argue Defendant's motion is not warranted in this case.

SO ORDERED.

Dated: Brooklyn, New York
September 29, 2015

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

3