UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
UNITED STATES OF AMERICA,

-against-

GERARD PRICE,

Defendant.
---------------------------------------------------------

**MEMORANDUM & ORDER**
5-CR-492 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court is Defendant Gerard Price's Third *pro se* Motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* Third Mot. for Reduction ("Third Mot.") (Dkt. 258).) For the reasons set forth below, Price's Third Motion is DENIED.

I. **BACKGROUND**

The court assumes familiarity with the relevant facts of this case as set forth in its July 28, 2023 Memorandum & Order denying Price's First Motion for a reduction in sentence. *See United States v. Price*, No. 5-CR-492 (NGG), 2023 WL 4850995, at *1 (E.D.N.Y. July 28, 2023).

Price was a leader of the Pressley/Price Enterprise, a drug trafficking and violent criminal organization which operated in the Gowanus Housing Projects in Brooklyn, New York from 1992 to 2003. (Revised Presentence Investigation Report ("PSR") (Dkt. 251) ¶¶ 28-29.) Price was arrested in July 2005 and eventually charged with seven counts in a fourth superseding indictment: racketeering (Count One), conspiracy to commit racketeering (Count Two), murder in-aid-of racketeering (Count Three), murder in furtherance of a conspiracy to distribute and possess with intent to distribute cocaine base and heroin (Count Four), conspiracy to maintain a drug-involved premises (Count Five), use of a firearm in furtherance of drug trafficking (Count Six), and

1

witness tampering (Count Seven). (Fourth Superseding Indictment (Dkt. 94) ¶¶ 6-29.) A jury convicted Price on all counts. (*See* Jury Verdict (Dkt. 153).) On May 14, 2010, the court sentenced Price as follows: life imprisonment on Counts One, Two, Three, and Four; 20 years' custody on Count Five; 10 years' custody on Count Six; and 20 years' custody on Count Seven. (Gerard Price Sent. Tr. (Dkt. 208) 13:7-23; Judgment (Dkt. 195) at 3.) All sentences were to run concurrently. (Gerard Price Sent. Tr. 13:7-23.) Price has served approximately 20 years of his sentence. (*See* PSR ¶ 47.)

On October 1, 2021, Price filed his First *pro se* Motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i), asking that the court reduce his sentence because of his youth at the time of his crimes, the COVID-19 pandemic, and his efforts at rehabilitation. (*See* First Mot. (Dkt. 242).) On July 28, 2023, the court denied Price's First Motion, concluding that Price's arguments did not constitute "extraordinary and compelling reasons under § 3582(c)(1)(A)," and even if they did, the 18 U.S.C. § 3553(a) sentencing factors provided an independent basis to deny Price's request for a sentence reduction. *See Price*, 2023 WL 4850995, at *4. On November 8, 2023, Price filed his Second *pro se* Motion for a reduction in sentence.[1] (*See* Second Mot. (Dkt. 255).) On February 14, 2024, the court denied Price's Second Motion, concluding that it offered additional case law but no new

---

[1] Price filed this motion as a "supplement" to his First Motion. (Second Mot. at 1.) The court had already denied his First Motion by the time the court received his "supplement[al]" motion. (*See* Text Order Dated Feb. 14, 2024.) The court denied this motion without deciding whether it constituted a new standalone motion. (*See id* ("Therefore, whether the court construes the [Second] motion as a supplement to the [First] motion for compassionate release or as a new standalone motion for compassionate release, Price's [Second] motion is DENIED.").) For the purposes of this Memorandum and Order, the court refers to Price's motion for compassionate release that the court denied on February 14, 2015 as the "Second Motion."

facts that demonstrated extraordinary and compelling reasons warranting a reduction in his sentence. (*See* Text Order Dated Feb. 14, 2024.)

On April 4, 2025, Price filed the instant Third *pro se* Motion seeking a reduction of his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (*See* Third Mot.) In his Third Motion, Price reiterates his previous arguments and raises one new argument: that a November 2024 amendment (Amendment 829) to a policy statement in the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines")—which added language regarding youthful offenders—provides new grounds for a reconsideration of his sentence. (*Id.* at 2-4.) On May 5, 2025, the Government filed its opposition to Price's Third Motion, arguing that Amendment 829 does not provide an extraordinary and compelling reason for a reduced sentence and that, even if the amendment did present such a reason, it does not apply retroactively. (*See* Gov't Opp. (Dkt. 260) at 4-5.) On June 24, 2025, Price filed a response to the Government's opposition, reiterating the arguments from his Third Motion and raising one new argument: that the recent release of his brother and cousin created a sentencing disparity. (*See* Response to Gov't Opp. (Dkt. 261) at 4-6.) On July 1, 2025, Price wrote the court in support of his Motion. (*See* Gerard Price Ltr. (Dkt. 262).) The court is also in receipt of several letters of support from Price's relatives, re-entry instructor, and spiritual leader. (*See* Ltrs. of Support (Dkt. 263).)

## II. LEGAL STANDARD

"'A court may not modify a term of imprisonment once it has been imposed except pursuant to statute.'" *United States v. Alvarez*, No. 89-CR-229 (JS), 2020 WL 4904586, at *1 (E.D.N.Y. Aug. 20, 2020) (quoting *United States v. Rabuffo*, No. 16-CR-148

(ADS), 2020 WL 2523053, at *1 (E.D.N.Y. May 14, 2020)).[2] An incarcerated defendant may file a compassionate release motion to request a sentence modification due to "extraordinary and compelling" circumstances after exhausting all other administrative remedies. 18 U.S.C. § 3582(c)(1)(A)(i). Thus, a defendant may move for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* A "defendant's failure to exhaust administrative remedies is a threshold matter preventing the Court from considering a Section 3582 application." *Alvarez*, 2020 WL 4904586, at *2; *see also United States v. Napout*, No. 15-CR-252 (PKC), 2020 WL 1872455, at *1 (E.D.N.Y. Apr. 14, 2020).

Where exhaustion is satisfied, a court may grant a motion for a reduction in sentence only if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In reviewing compassionate release[3] motions, district courts are free "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them," and are afforded broad discretion. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).[4] The only statutory limit placed on what

---

[2] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

[3] Although courts generally refer to motions under this statute as compassionate release motions, the statute speaks in terms of sentence reduction rather than release. *See* 18 U.S.C. § 3582(c)(1)(A). The court uses "sentence reduction" and "compassionate release" interchangeably to refer to Price's Third Motion.

[4] The court acknowledges the Government's observation that the most recent amendments to U.S.S.G. § 1B1.13 "have harmonized" the Policy Statement with the text of the Guideline, closing some of the daylight between the two

qualifies as extraordinary and compelling is that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); *see Brooker*, 976 F.3d at 237-38.

Finally, where a defendant is *pro se*, the court must construe his pleadings and briefs liberally, and interpret them to "raise the strongest arguments [that] they suggest." *United States v. Pilcher*, 950 F.3d 39, 44 (2d Cir. 2020).

### III. DISCUSSION

#### A. Exhaustion of Administrative Remedies

Price satisfies the first threshold consideration for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Because Price has submitted a request for a sentence reduction directly with the warden of his facility, and that request was not acted upon within 30 days, he has successfully exhausted his administrative remedies. (*See* Third Mot. Exs. (Dkt. 258-1) at ECF p. 48.) 18 U.S.C. § 3582(c)(1)(A).[5] Accordingly, the court may evaluate the merits of his motion. 18 U.S.C. § 3582(c)(1)(A).

#### B. Extraordinary and Compelling Reasons

Price raises four "extraordinary and compelling reasons" that he claims call for a reduction in his sentence: his rehabilitation, the

---

that the *Brooker* court observed. (*See* Gov't. Opp. at 3 n. 2 (quoting *United States v. Feliz*, No. 16-CR-809 (VM), 2023 WL 8275897, at *4 (S.D.N.Y. Nov. 30, 2023)).) While the Government is correct that § 1B1.13 compliance "is once again mandatory," (*id.*), the court retains considerable discretion. *See* U.S.S.G. Amend. 814, https://guidelines.ussc.gov/apex/r/ussc_apex/guidelinesapp/appendixc-detail?APP_AMEND_ID=814, [https://perma.cc/J767-RPNN] ("the amendment . . . expands the list of specified extraordinary and compelling reasons . . . [and] retains the existing 'other reasons' catchall[.]").

[5] The Government does not argue otherwise. (*See* Gov't Opp at 2 n.1.)

5

length of his sentence, his age at the time of his criminal conduct, and Amendment 829. (*See generally* Third Mot.)

To the extent that Price's Third Motion repeats arguments raised in his previous motions, the court reiterates its previous findings. *See generally Price*, 2023 WL 4850995, at *2-4. (Text Order Dated Feb. 14, 2024.) First, Price again points to the "exceptional strides in bettering himself" he has made while in prison, including his completion of "hundreds of hours of programming" and maintenance of steady employment and a "good disciplinary record." (*See* Third Mot. at 5-13.) The court recognizes Price's commendable efforts at rehabilitation. However, the Guidelines make clear that rehabilitation, "is not, by itself, an extraordinary and compelling reason" warranting a reduction in sentence. U.S.S.G. § 1B1.13(d). The court reiterates its earlier finding that his rehabilitation is not an "extraordinary and compelling reason" warranting a reduction in his sentence. *Price*, 2023 WL 4850995, at *3. Second, Price again cites "an enormous disparity between the sentence Mr. Price received . . . and the significant but much shorter sentence that a similar defendant would receive today." (Third Mot. at 14.) The court reiterates its earlier determination that Price's sentence was proportionate to the gravity of Price's conduct, which "continued and increased in violence" until his arrest, a period in which "Price repeatedly made calculated decisions to engage in violent activity as a leader" of the Pressley/Price Enterprise. *Price*, 2023 WL 4850995, at *2.

The court now turns to Price's arguments concerning his age, including his one new argument that an intervening revision to the Guidelines, Amendment 829, warrants reconsideration of his sentence. (See Third Mot. at 2-4.) On November 1, 2024, the Sentencing Commission amended the Guidelines policy statement concerning age, modifying its guidance regarding how a defendant's age should factor into the sentencing determination. *See* U.S.S.G. § 5H1.1 (2024); U.S.S.G. Amend. 829 (eff. Nov. 1,

2024), https://www.ussc.gov/guidelines/amendment/829 [https://perma.cc/72CD-Y9RQ]. However, the Guidelines in effect at the time of Price's sentencing on May 14, 2010 stated that age was "not ordinarily relevant in determining whether a departure is warranted." *See* U.S.S.G. § 5H1.1 (2009). Six months after Price's sentencing, the Sentencing Commission modified its policy statement as to age, stating that "[a]ge (including youth) may be relevant in determining whether a departure is warranted, if considerations based on age, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines." *See* U.S.S.G. Amend. 739 (eff. Nov. 1, 2010), https://www.ussc.gov/guidelines/amendment/739 [https://perma.cc/C6N6-42F3]. In the intervening years, no further amendments regarding consideration of a defendant's age were made until Amendment 829, which Price cites as a basis for his Third Motion. (Third Mot. at 2-3.) As amended, U.S.S.G. § 5H1.1 now states, in relevant part:

> Age may be relevant in determining whether a departure is warranted.
>
> A downward departure . . . may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses. Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships. In addition, youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. Youthful individuals also are more amenable to rehabilitation.
>
> The age-crime curve, one of the most consistent findings in criminology, demonstrates that criminal behavior tends to

7

decrease with age. Age-appropriate interventions and other protective factors may promote desistance from crime. Accordingly, in an appropriate case, the court may consider whether a form of punishment other than imprisonment might be sufficient to meet the purposes of sentencing.

U.S.S.G. § 5H1.1.

Price cites Amendment 829 as a basis for a reduction in his sentence, pointing to the fact that he entered prison at the age of 23, and has spent nearly half of his life in prison. (*See* Third Mot. at 4.) Indeed, Price had at least seven encounters with the criminal justice system between the ages of 13 to 18. (*See* PSR ¶¶ 121-149.) Further, several of the "risk factors" listed in Amendment 829 were present in Price's adolescence, including substance abuse issues and lack of educational opportunities. (*See, e.g., id.* ¶¶ 166-173 (detailing substance abuse history coinciding with discharge from high school).)

However, Price's argument that Section 5H1.1 calls for a reduction in his sentence is unsupported by the Guidelines. When considering a sentence reduction, a district court may only use "the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Section 1B1.10(d) of the Guidelines explicitly lists the amendments that are the exceptions to this rule, meaning they have retroactive effect and should be "substituted" for the Guideline that was in effect at the time of the defendant's sentencing. U.S.S.G. § 1B1.10(a)(2), (d). While Price's age and personal history resonate with the scope and purpose of Amendment 829, Amendment 829 is not included on the list of amendments with retroactive effect. *See* U.S.S.G. § 1B1.10(d). Additionally, several courts have confirmed that Amendment 829 is not retroactive. *See United States v. Parrot*, No. 21-CR-691 (RMB), 2025 WL 995398, at *2 (S.D.N.Y. Apr. 3, 2025) ("Amendment 829 is not

8

retroactive."); *see also United States v. Thomas*, No. 15-CR-740 (RA), 2025 WL 1580911, at *4 (S.D.N.Y. June 4, 2025); *United States v. Blanche*, No. 19-CR-166 (VEC), 2025 WL 1183019, at *2 (S.D.N.Y. Apr. 23, 2025). Because Amendment 829 is not retroactive, the court may not consider it "for purposes of determining whether an extraordinary and compelling reason exists." U.S.S.G. § 1B1.13(c). Accordingly, the court declines to consider Amendment 829 in adjudicating Price's Third Motion.

### C. 18 U.S.C. § 3553(a) Factors

The final consideration is whether the factors articulated in 18 U.S.C. § 3553(a) support a sentence reduction. The Section 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence imposed to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" to "afford adequate deterrence" of criminal conduct; "protect the public from further crimes of the defendant;" and "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1)-(2). Further, a court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* at § 3553(a)(6). In weighing these factors, courts often consider whether compassionate release would be consistent with the goals of the original sentence. *United States v. Roney*, 833 F. App'x 850, 854 (2d Cir. 2020).

The court has previously enumerated, considered, and applied the Section 3553(a) factors to Price's case. *See Price*, 2023 WL 4850995, at *4-5. The court nevertheless addresses the Section 3553(a) factors as they relate to Price's Third Motion. Here, the court construes Price's Third Motion as arguing that at least two of these factors should be reconsidered by the court. (*See* Third

Mot. at 20-21.) Specifically, he argues that his "prison record demonstrates that there is no further need for specific deterrence or incapacitation" and that he is "no longer a threat to public safety." (*Id.*) The Government rejects this argument, asserting that nothing has changed since the court's previous analysis of the Section 3553(a) factors. (*See* Gov't Opp at 7.) In his response to the Government's opposition, Price argues further that the recent release of his brother and cousin,[6] who were involved in related criminal activity, creates "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." (Response to Gov't Opp. at 4-5 (quoting 18 U.S.C. § 3553(a)(6)); *see* PSR ¶ 29.)

The court agrees with the Government and adopts its previous determination that the Section 3553(a) factors do not warrant a reduction in Price's sentence. *Price*, 2023 WL 4850995, at *4-5. Further, the court rejects Price's Section 3553(a)(6) claim that there is a sentencing disparity between him and his relatives because they are not his co-defendants and he is not similarly situated.[7] *First*, although both cases were before undersigned,

---

[6] While Price does not name these two individuals in his filing, the court infers that he is referring to his brother Robert Lee Price, Jr. ("Robert") and cousin Michael Price ("Michael"). (*See* PSR ¶¶ 29, 155.)

[7] On September 10, 2009, the court sentenced Robert to life imprisonment on one count of conspiracy to distribute and to possess with intent to distribute cocaine and heroin, 20 years on one count of possession with intent to distribute heroin, and 5 years on one count of possession of a firearm during the commission of a narcotics offense; all counts were to be served concurrently. (*See United States v. Wesley et al.*, No. 3-CR-297 (NGG), Robert Price Amended Judgment (Dkt. 571) at 2.) On October 2, 2020, the court reduced his sentence to time served and Robert Price was released from custody to supervised release. (*See Wesley et al.*, No. 3-CR-297 (NGG), Robert Price Second Amended Judgment (Dkt. 828).)

On June 28, 2005, the court sentenced Michael to 10 years on a single count of possession of a firearm in furtherance of a drug crime. (*See Wesley et al.*, No. 3-CR-297 (NGG), Michael Price Judgment (Dkt. 373) at 2.) While Price claims

Price was charged on a separate indictment under a different docket number than his brother and cousin. (*Compare Price et al.*, No. 5-CR-492 (Dkt. 2) (indicting Price) *with Wesley et al.*, No. 3-CR-297 (Dkt. 15) (indicting Robert and Michael).) *Second*, unlike Price—who is serving a sentence for two murder charges, two racketeering charges, and several drug and weapons charges—Price's brother was convicted only of drug and weapons charges, which are substantially less serious offenses. (*Compare* Robert Price Amended Judgment at 1 *with* Gerard Price Sent. Tr. 13:7-23.) Price's cousin was convicted of a single weapons charge, which is also a less serious offense than those committed by Price. (*Compare* Michael Price Judgment at 1 *with* Gerard Price Sent. Tr. 13:7-23.) While Price, his brother, and his cousin were sentenced for offenses from a connected set of events, they do not have "similar records" and accordingly cannot be considered "similarly situated co-defendants" under Setion 3553(a)(6). See *United States v. Fernandez*, 443 F.3d 19, 28 (2d Cir. 2006).

## IV. CONCLUSION

For the foregoing reasons, Price's Third Motion for a reduction of sentence is DENIED. The Clerk of Court is respectfully DIRECTED to mail a copy of this order to Price at his last known address.

SO ORDERED.

Dated:   Brooklyn, New York
        July 23, 2025

                                    s/Nicholas G. Garaufis
                                    _____
                                    NICHOLAS G. GARAUFIS
                                    United States District Judge

---

that Michael's sentence was reduced like his brother Robert's sentence, (*see* Response to Gov't Opp. at 4-5), the court finds nothing in the record to support Price's claim that the court reduced Michael's sentence.